# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ROBERT R. LAUNTZ,<br><br>              Plaintiff,<br><br>vs.<br><br><br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security*,<br><br>              Defendant. | 2:12-cv-01874-MMD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>[Motion to Remand (#15) and Cross Motion for Summary Judgment (#20)] |

Before the Court is *Robert R. Launtz v. Michael J. Astrue*, case no. 2:12-cv-01874-MMD-VCF.

**BACKGROUND:**

On May 29, 2010, Mr. Launtz protectively filed a Title II application for a period of disability alleging an onset of disability on August 15, 1997. (AR[1] 116-119) . The alleged period of disability was from August 15, 1997, through December 31, 2001. (AR 116-117, 120).  This was a Social Security Disability Insurance ("SSDI") claim.  This claim was denied initially and upon reconsideration on July 9 and December 13, 2010, respectively. (AR 60, 69). Mr. Launtz filed a timely request for hearing and appeared at hearing on June 23, 2011. (AR 31, 72). The August 12, 2011 written decision denied disability benefits. (AC 16-28). On October 06, 2011, Mr. Launtz requested Appeals Council review. (AR 13). Upon Appeals Council's denial of review, this case is now before this Court.

---

[1] "AR" refers to the Administrative Record submitted to the court for in camera review on January 3, 2013 (#13).

On November 1, 2012, Mr. Launtz filed his complaint against Michael J. Astrue, Commissioner of Social Security, seeking judicial review of the final decision denying his claim for benefits (#1). Defendant Astrue filed an answer (#12) asking the Court to affirm the decision of the Administrative Law Judge (hereafter "ALJ") (#12) . Pursuant to the Order Concerning Review of Social Security Cases (#14), Mr. Launtz filed his Motion for Reversal or Remand (#15). Defendant Astrue filed an Opposition to Plaintiff's Motion for Reversal (#19) and, in the alternative, a Cross Motion for Summary Judgment (#20). Mr. Launtz filed a Reply to Defendant's Opposition to Plaintiff's Motion for Reversal (#21) and, in the alternative, an Opposition to Defendant's Cross Motion for Summary Judgment (#22). Mr. Launtz also filed and Objection (#24) asserting that Defendant is not entitled to file a Reply in support of its Cross Motion for Summary Judgment. Defendant did not file a Reply in support of its Cross Motion for Summary Judgment.

Having reviewed these written arguments, the Social Security AR, and all other matters of record in this case, the undersigned judge respectfully submits the following Report and Recommendation.

## **DISCUSSION**

**I.    Issues Presented.**

Mr. Launtz's motion provides the court with summaries of the testimony, medical evidence and administrative proceedings below (#15 at 4-9). Defendant does not disagree with Mr. Launtz's summaries and stipulates that the ALJ's decision fairly and accurately summarizes the material medical and testimonial evidence (#19 at 2).

Mr. Launtz asserts that he was erroneously denied benefits when the Administrative Law Judge (1) erroneously failed to find Mr. Launtz's mental health impairments severe, (2) erroneously misstated facts in record to the detriment of Mr. Launtz, and (3) erred in not granting appropriate evidentiary weight to Mr. Launtz's treating provider (#15 at 3).

## II.  Standard of Review

This Court may set aside the Social Security Administration Commissioner's denial of disability benefits only when the findings of the ALJ are based on legal error or are not supported by substantial evidence in the record as a whole.  Social Security Act, Sections 216(i), 223, 42 U.S.C. §§ 416(i) and 423; *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.*

## III.  Analysis

The Social Security Act defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last not less than twelve months. *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996), quoting 42 U.S.C. § 423(d)(1)(A).

Social Security evaluates disability claims in a five step sequence. 20 C.F.R. §404.1520. The first step is to determine if the claimant is engaging in substantial gainful activity. If the claimant is performing substantial gainful activity, the claim is denied. If not performing substantial gainful activity, the second step is to determine if the claimant has a severe impairment, an impairment that significantly limits work activity abilities.  For claimants seeking payments under the SSDI program, the claimant must be established that the claimed physical or mental impairments produced limitations prior to the expiration of the Date Last Insured ("DLI").  If there are no relevant severe impairments, the claim is denied. At step three, it is determined if a claimant's impairments or combination of impairments meets or medically equals criteria in 20 C.F.R. Part 404, Subpart P, Appendix 1. At Step four, whether the claimant has the residual functional capacity to perform past relevant work is considered. If unable to

perform past relevant work, the analysis proceeds to step five to determine whether the claimant is theoretically able to perform any work.

Here, the ALJ found Mr. Launtz has not performed substantial gainful activity since the alleged onset date of August 15, 1997 to December 31, 2001, his DLI. (AR 20). The ALJ found the following impairments interfere with the ability to work: Guillian-Barre syndrome, Depressive disorder, Schizophrenia disorder, Schizoaffective disorder, Personality disorder NOS, Avoidant Personality disorder. (AR 20). The ALJ found "none of these impairments or conditions was shown to have produced limitations on or before the date last insured." (AR 20). Accordingly, the ALJ did not proceed beyond step two.

An ALJ "may disregard the treating physician's opinion whether or not that opinion is contradicted." *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004), citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Congress directs that, "[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require," 42 U.S.C. § 423(d)(5)(A). Further, "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms." Social Security Ruling (SSR) 96-7p.

The administrative record contains no treatment records, test results, laboratory findings or other "medical signs" from August 1997 through December 31, 2001, Plaintiff's DLI. After reviewing the medical record, the ALJ found that there was no evidence of a medically determinable mental impairment during Plaintiff's eligibility period, and his alleged symptoms could not be found to affect his ability to do basic work activities (Tr. 20-22). SSR 96-7p ("[i]f there is no medically determinable physical or mental impairment(s) ... the symptoms cannot be found to affect the individual's ability to do

basic work activities"). Specifically, the ALJ considered the summary of treatment provided by James Jaramillo, M.D., on March 19,2010; however, the ALJ determined Dr. Jaramillo's letter did not provide an opinion of Plaintiff's limitations in 2001, and therefore fell short of the objective requirements of SSR 96-7p (Tr. 20- 23)[2].

The Commissioner's decision must be affirmed if supported by substantial evidence, and if the Commissioner applied the correct legal standards. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). Under this standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, see *Gallant v. Heckler*, 753 F.2d 1450, 1452–53 (9th Cir.1984), and if evidence exists to support more than one rational interpretation, the reviewing court must defer to the Commissioner's decision, see *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir.1999).

Mr. Luntz has the burden of proof for steps one through four of the five-step sequential administrative evaluation *Bustamente v. Massanari* 262 F.3d 949 (9th Cir. 2001). Accordingly, the Administrative Law Judge did not err in his determination of step two of this analysis, the severity of Mr. Launtz's mental health impairments prior to the DLI; did not misstated facts in record to the detriment of Mr. Launtz; and acted within his exclusive discretion with regard to evidentiary weight accorded Dr. Jarmillo's letters.

### RECOMMENDATION

Because substantial evidence supports the ALJ's decision and the record does not support a finding of legal error, it is the recommendation of the undersigned United States Magistrate Judge that the Mr. Luntz's Motion to Remand (#15) be DENIED and the defendant's Cross Motion for Summary

---

[2] Mr. Launtz's Reply does not rebut this analysis advanced by defendant. He only argues that Dr. Jarmillo's opinion is worth of controlling evidentiary weight, citing Orn v. Astrue 495 F.3d 625 (9th Cir. 2007). In Orn, however, the administrative record contained "medical records document[ing]" the claimants condition during the relevant period.

Judgment (#20) be GRANTED.  See SSA, Sections 216(I), 223, 42 U.S.C. §§ 416(I) and 423; Bustamante, 262 F.3d 949, 953.

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE